UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:17-cr-578 CDP (SPM) ) |
| WILLIAM GUM, | ) ) |
| Defendant. | ) |

**MOTION TO DISMISS COUNT 1
BASED ON STATUTE OF LIMITATIONS**

COMES NOW Defendant, William Gum ("Gum"), by and through counsel, and moves this Court to dismiss Count 1 of the indictment as barred by the statute of limitations. Filed December 13, 2017, the indictment charges in Count 1 that Gum committed Federal Program Theft, in violation of 18 U.S.C. § 666(a)(1)(A), during the period between January 1 and December 31, 2012. [Doc. 2 ¶ 16-17.] The offense carries a five-year statute of limitations. 18 U.S.C. § 3282(a). Because § 666(a)(1)(A) does not establish a "continuing offense," the Government may not charge Gum with alleged thefts occurring before December 13, 2012 (five years prior to the date of indictment). Count 1 must therefore be dismissed.

**I. Count 1 is not a "continuing offense"**

A statute of limitations begins to run when the crime is complete. *Toussie v. United States*, 397 U.S. 112, 115 (1970). However, construing an offense as a "continuing offense" "for all practical purposes extends the statute beyond its stated term." *Id*. Statutes of limitations "limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions," "protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the

passage of time," "minimize the danger of official punishment because of acts in the far-distant past," and "encourag[e] law enforcement officials promptly to investigate suspected criminal activity." *Id.* at 114-15.  There is a clear tension between the purpose of a statute of limitations and the continuing offense doctrine.  *See id.* at 115.  In light of that tension, as well as Congress's directive that the statute of limitations shall not be extended "[e]xcept as expressly otherwise provided by law," 18 U.S.C. § 3282(a), the Supreme Court has held that the continuing offenses doctrine "should be applied in only limited circumstances" where (1) "the explicit language of the substantive criminal statute compels such a conclusion," or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.*

In *United States v. Askia*, decided June 29, 2018, the Eighth Circuit Court of Appeals joined the Seventh Circuit in holding that a § 666(a)(1)(A) offense is not a continuing offense or course of conduct, which would effectively extend the applicable five-year statute of limitations. No. 17-1515, 2018 WL 3188780, at *6 (8th Cir. June 29, 2018); *accord United States v. Yashar*, 166 F.3d 873, 879 (7th Cir. 1999).  The Court reasoned that it is well-established that crimes like stealing, theft, and larceny are not continuing offenses and that "embezzlement is merely a larceny from a position of trust," and, "like larceny, is completed with the unlawful taking." *Id*. at *5.  Unlike offenses that are "continuously or continually committed over time," such as conspiracy or unlawful possession, under § 666(a)(1)(A), "[o]nce the elements are established—i.e., an agent of the organization, which receives certain federal funds, unlawfully takes at least $5,000 from the organization—the crime is complete." *Id*.  The Court noted that Congress had not declared or implied that § 666(a)(1)(A) establishes a continuing offense, finding such inaction "particularly telling as larceny-type offenses have long been understood as generic, non-continuing offenses."

*Id*.  The Court found that its holding was supported by the rationales for the statute of limitations and the limited application of the continuing offense doctrine.  *Id.* at *5-6.

## II.  Count 1 is barred by the statute of limitations

Under *Askia*, Gum may not be charged with a § 666(a)(1)(A) offense that was completed outside the five-year statute of limitations.  *Id*. at *6.  The indictment was filed on December 13, 2017, so the five-year limitations period began to run on December 13, 2012 for any alleged § 666(a)(1)(A) offense completed prior to that date.  The Government alleges that all the elements for § 666(a)(1)(A) were met between January 1 and December 31, 2012. [Doc. 2 ¶ 16-17.]  The Government further alleges that Gum began overpaying himself in salary and benefits on January 1, 2007, began making personal purchases on official credit cards on January 1, 2012, and caused more than $20,000 in fraudulent dependent premiums between 2012 and 2016. [Doc. 2 ¶ 10-12.]  There can be little doubt that Count 1 embraces alleged thefts comprising a completed offense occurring prior to December 13, 2012.  Because nearly the entire period contained in Count 1 falls outside the applicable statute of limitations, Count 1 must be dismissed.

## III. Conclusion

WHEREFORE, Defendant Gum respectfully requests this Court grant his motion and dismiss Count 1 of the indictment as barred by the statute of limitations.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, & FRY

*/S/ N. Scott Rosenblum*
N. Scott Rosenblum, #33390
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332/ Facsimile (314) 862-8050

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2018, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Jeannette Graviss, Assistant United States Attorney.