UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:17-cr-578 CDP (SPM) |
| | ) |
| WILLIAM GUM, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

COMES NOW Defendant, William Gum, by and through counsel, files the following objections to the Presentence Investigation Report:

1. **Paragraph 17**: Defendant was the Washington County Ambulance District ("WCAD") administrator from 2010 through 2015. Defendant prepared payroll and tax withholding for WCAD employees during this period only. Likewise, Defendant approved payments for the WCAD's Walmart and Capital One credits cards during this period only.

2. **Paragraph 20**: Based on the referenced DJA audit, the WCAD Walmart and Capital Once credit card losses attributable to Defendant may be less than $41,579.29 and $19,598.70. The total loss attributable to Defendant may also be less than $263,118.35

3. **Paragraph 21**: Defendant was the WCAD administrator from 2010 through 2015 and "was responsible for the WCAD's payroll and paid his own salary out of the WCAD accounts" during this period only. Likewise, Defendant "calculated the amount of health insurance payments deducted from his own salary as well as the

1

salary of other employees" during this period only.

4. **Paragraph 24**:  Based on the DJA audit, the WCAD Walmart credit card loss attributable to Defendant may be less than $41,579.29.

5. **Paragraph 25**:  Based on the DJA audit, the WCAD Capital One credit card loss attributable to Defendant may be less than $19,598.70.

6. **Paragraph 26**:  Based on objections 4 and 5, the total loss attributable to Defendant may be less than $263,118.35.

7. **Paragraph 27**:  Based on objections 4 and 5, the total loss attributable to Defendant may be less than $263,118.35.

8. **Paragraph 29**:  The restitution amount is no more than $162,493.72 because Defendant is not liable under the Mandatory Victim Restitution Act for losses incurred outside 18 U.S.C. § 666's five-year statute of limitations period.   Thus, Defendant is not liable for the Paragraph 21 losses incurred between 2007 and 2012.

9. **Paragraph 30**:  Defendant denies the allegations in Paragraph 30 and denies he sought to obstruct justice.

10. **Paragraph 35**:  Based on objections 4 and 5, the total loss attributable to Defendant may be less than $250,000, and the Guidelines' Loss Table increase may drop from 12 to 10.

11. **Paragraph 39**:  Based on objection 10, Defendant's Adjusted Offense Level may drop from 20 to 18.

12. **Paragraph 43**:  Based on objection 10, Defendant's Total Offense Level may drop from 17 to 15.

13. **Paragraph 74**:  Defendant does not have the ability to pay a fine.

14. **Paragraph 78**: Based on objections 4 and 5, the total loss attributable to Defendant may be less than $263,118.35.

15. **Paragraph 89**:  For the reason identified in objection 8, the restitution amount is no more than $162,493.72

Defendant's sentencing memorandum will provide the reasons for the above conclusions It will also provide a reasonable loss estimate and explanation therefore, unless Defendant withdraws his objections to the loss calculation before sentencing.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, & FRY, PC.

By:   /S/*Adam D. Fein*
ADAM D. FEIN, #52255MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332/Facsimile (314) 862-8050
Email: afein@rsflawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2019, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Jeannette Graviss, Assistant United States Attorney.