UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:17-cr-578-CDP (SPM) ) |
| WILLIAM GUM, | ) ) ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

COMES NOW Defendant, William Gum ("Gum"), by and through counsel, files the following memorandum for sentencing.

**I**

On December 13, 2017, the government filed a seven-count indictment, alleging Gum committed federal benefits fraud, access device fraud, and conspiracy to commit access device fraud, in violation of 18 U.S.C. §§ 666 and 1029(a)(2). *See* Indictment [Doc. Text #1]. On November 5, 2018, Gum pled guilty to counts two through five of the indictment, *see* Presentence Investigation Report at ¶ 1 [hereinafter "PSR"], pursuant to a written agreement. *See id.* at ¶ 2. In the agreement, the parties estimated a total offense level of 13 and an advisory guideline range of 12 to 18 months. *See id.* at ¶¶ 9, 82. The PSR calculates Gum's total offense level at 17 and his advisory guideline range at 24 to 30 months. *See id.* at ¶¶ 44, 80. On February 4, 2019, Gum filed objections to the PSR. *See Doc. Text* #113. As discussed below, Gum withdraws most of these objections and, along with the government, recommends a sentence of 24 months imprisonment.

1

## II

The Final PSR resolves Gum's objections to the loss and restitution amounts. Gum thus withdraws his objections to paragraphs 20, 24, 25, 26, 27, 29, 35, 39, 43, 78, and 89. The Final PSR also concludes that Gum does not have the financial ability to pay a fine. Thus, Gum also withdraws his objection to paragraph 74. Gum maintains in his objections to paragraphs 17, 21, and 30. Whether resolved or not though, these objections will not impact his guideline range.

## III

A low-end sentence of 24 months is reasonable in this case. First, Gum caused a loss of $262,120.74. *See* PSR at ¶ 36. Section 2B1.1(b)(1)(G) applies to losses of more than $250,000 but not more than $550,000. Accordingly, the loss Gum caused sits about $12,000 from the bottom of § 2B1.1(b)(1)(G)'s range but more than $287,000 from its top. As a result, defendants who commit similar offenses but cause more than twice the loss he caused receive the same 24 to 30-month guideline range as does he; yet, defendants who commit similar offenses but cause a loss about $12,000 less than his receive a guideline range of 18 to 24 months. Thus, the applicable loss range and the close proximity of the loss caused to the bottom of that range support a 24-month sentence.

Second, Gum has suffered substantial reputational harm. He lives in a small community where news travels fast and almost everyone knows everyone else. In addition, the community's collective memory is long. Likely, his reputation will never recover and will adversely affect both his personal and professional future.

Third, Gum pled guilty, accepted responsibility for his actions, and, in so doing, spared Washington County and the government the expenditure of trial-related resources. This Court should encourage outcomes that spare valuable resources.

Fourth, the government is familiar with the facts of the offense and its associated harms. In the government's view, a low-end sentence is reasonable.

Fifth, according to the United States Sentencing Commission, between 2012 and 2017, the average federal benefits fraud sentence was less than the average federal benefits fraud guideline range. *See* United States Sentencing Commission, Quick Facts, Government Benefits Fraud Offenses at 2 (2018). *See id*. Thus, on a comparative basis, a low-end sentence will actually exceed the average federal benefits fraud sentence.

## IV

In addition to a low-end sentence, Gum asks to self-surrender to the Bureau of Prisons and to begin service of his sentence after his wife completes her three-month term of imprisonment. Gum and his wife have a 16-year-old daughter who is the victim in an ongoing statutory rape case. *See PSR* at ¶ 54. She is currently in therapy. *See id*. The simultaneous absence of both parents will deprive her of parental support, require her to live with relatives, and adversely affect her emotional well-being. Gum's wife is set to surrender on March 5, 2019 to the Bureau of Prison's facility in Aliceville, Alabama. She will serve three months there before she returns home to begin her term of supervised release. A three-month sentence delay is comparatively small, will not shorten the length of Gum's sentence, and will not alter the conditions of his confinement. It will simply ensure his daughter remains with one of her two parents while the other serves out their sentence.

## V

For the foregoing reasons, Defendant William Gum requests this Court impose a sentence of 24 months, permit him to self-surrender to the Bureau of Prisons, and allow him to surrender after his wife completes her three-month term of imprisonment.

Respectfully submitted,

By:   /s/ *Adam D. Fein*_____
ADAM D. FEIN, # 52255 MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332/Facsimile (314) 862-8050
Email: afein@rsflawfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on February 19, 2019, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Thomas Rea, Assistant United States Attorney.